◼ In the Matter of NORTON ELLIS, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34604.) — The State appeals from an order of the Court of Claims denying its motion to dismiss a claim, or at least a part of it, on the ground of *res judicata.* The claim alleges personal injuries sustained by claimant, a passenger in a car driven by one Murray on a State highway,

when it struck a Long Island Lighting Company pole. The negligence alleged against the State is: "Negligence in failing to remove a dangerous lighting pole #1174 of Long Island Lighting Co., on Route 25A, near the intersection of Old Northport Road; negligent maintenance of said Route 25A; failure to remove a nuisance namely afore-mentioned pole; failure to close a dangerous highway to traffic; negligence in failing to straighten a dangerous 'S' curve near said pole and negligence in other respects." Claimant had previously brought a Supreme Court action against the Lighting Company and the owner and driver of the car in which he was riding. The complaint in that action charged, in substance, the Lighting Company with negligence in placing the pole in dangerous proximity to the roadway, failure to remove the pole after notice of its dangerous location, and maintaining the pole. Judgment was rendered in favor of the Lighting Company against claimant. The State was not, and could not be, a party to the Supreme Court action, although claimant contends that the defendants in that action and the State were all joint tort-feasors. The fact that the State was not a party or that there may be an absence of privity between the State and the Lighting Company is not decisive of a defense of *res judicata*. (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116.) The Court of Claims denied the motion, however, on the ground that it could not be ascertained from the pleadings that identity of issues existed. The *Israel* case expressly recognized at page 120 that identity of issues is the test of the applicability of *res judicata*. The State concedes that claimant is entitled to a trial of the issues raised by the allegations of negligent construction and maintenance of the highway. These allegations relate the location of the pole to the alleged dangerous curve and link the construction and maintenance of the highway to the location of the pole in a manner which makes it impossible to determine from the pleadings alone that the issues in the Court of Claims are identical with those in the Supreme Court action. It may well be that upon the trial it will develop that some of the issues are identical, and in such case we do not intend to indicate that the defense of *res judicata* is not available as to such issues. Order unanimously affirmed, with $10 costs.